UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BETTER MOUSE COMPANY, LLC | § § | |
| v. | § § | CIVIL NO. 4:25-CV-1324-SDJ |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A" | § § § § § | |

# **MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Better Mouse Company, LLC's Ex Parte Motion for Alternative Service and Expedited Discovery. (Dkt. #2). Therein, Plaintiff seeks authorization for alternative service of process for the foreign defendants, and for expedited discovery against a third party—specifically, Amazon.com, Inc. (Dkt. #2 at 10). After full consideration, the Court concludes that the motion should be **GRANTED in part** and **DENIED in part**.

## I. Background

Plaintiff Better Mouse Company, LLC ("Better Mouse") is a Texas limited liability company and owner by assignment of U.S. Patent No. 7,532,200, for an "apparatus for setting multi-stage displacement resolution of a mouse." (Dkt. #1 ¶ 5); (Dkt. #1-3). The '200 Patent was issued on May 12, 2009. (Dkt. #1-3 at 1).

According to Better Mouse, the five Defendants identified in the Schedule A, (Dkt. #1-1), are foreign business entities operating out of the People's Republic of China. (Dkt. #1 ¶ 6). Each manages an Amazon.com storefront, if not multiple storefronts, and sells products that allegedly infringe on Better Mouse's '200 Patent.

(Dkt. #1 ¶ 1). These Defendants are purportedly "under the common control of one entity or individual," and "work[ ] in active concert to willfully offer for sale, sell, and/or import into the United States" the disputed products. (Dkt. #1 ¶¶ 6–7).

Better Mouse filed this action to enforce its rights under the '200 Patent. And because of the anonymous nature of Defendants, Better Mouse now seeks third-party expedited discovery on Amazon.com, Inc., so that Better Mouse can "uncover the true identity of the party behind Defendants' Amazon storefronts or their respective email addresses." (Dkt. #2 at 1). With Defendants' email addresses, Better Mouse then also seeks authorization to alternatively serve Defendants via email. (Dkt. #2 at 1).

## II. LEGAL STANDARDS

### A. Expedited Discovery

Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Although the Federal Rules do not provide an exact standard for granting such authorization, federal courts within the Fifth Circuit, including the Eastern District of Texas and this Court, have used a "good cause" standard to determine whether a party is entitled to early discovery. *See Strike 3 Holdings, LLC v. Doe*, No. 4:22-CV-459, 2025 WL 1483448, at *1 (E.D. Tex. May 22, 2025) (collecting cases). In making a good cause determination, "a court must examine the discovery request on the entirety of the record to date and the reasonableness of the request in light of all the surrounding

circumstances." *Huawei Techs. Co., Ltd. v. Yiren Huang*, No. 4:17-CV-893, 2018 WL 10127086, at *1 (E.D. Tex. Feb. 13, 2018) (citation modified).

For the good-cause analysis, courts weigh five factors: (1) whether the plaintiff has made a prima facie case of actionable harm; (2) the specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) whether there is a central need for the subpoenaed information to advance the claim; and (5) the user's expectation of privacy. *Strike 3 Holdings, LLC*, 2025 WL 1483448, at *2 (citation omitted). "The burden of showing good cause is on the party seeking the expedited discovery." *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011). Moreover, requests for expedited discovery should be limited in scope, *id.*, and courts, when determining whether to authorize early discovery, enjoy "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Arista Records LLC v. Does 1–19*, 551 F.Supp.2d 1, 6 (D.D.C. 2008) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 598, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998)).

## B. Alternative Service

Federal Rule of Civil Procedure 4(f) provides three methods for effectuating service of process on a foreign individual or entity. First, "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." FED. R. CIV. P. 4(f)(1). Second, "if there is no internationally agreed means, or if an international agreement allows but does not

3

specify other means, by a method that is reasonably calculated to give notice." *Id.* at (f)(2). And third, "by other means not prohibited by international agreement, as the court orders." *Id.* at (f)(3).

For Rule 4(f)(3), "[s]ervice on a foreign defendant is . . . proper when it is a court ordered method that is not prohibited by international agreement and is reasonably calculated, under the circumstances, to notify the defendant of the case and afford them an opportunity to present objections." *Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161, at *3 (5th Cir. Feb. 14, 2022) (citing *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018); *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). Notably, the Hague Convention and Rule 4(f)(1) do not displace service under Rule 4(f)(3). *Viahart, L.L.C.*, 2022 WL 445161, at *3; *Nagravision SA*, 882 F.3d at 498.

### III. DISCUSSION

Better Mouse's request for alternative service of process by email is premised on the Court granting Better Mouse's request for third-party expedited discovery of Defendants' email addresses from Amazon.com. *See* (Dkt. #2 at 1, 4). The Court thus begins by addressing Better Mouse's expedited discovery request.

#### A. Expedited Discovery

Better Mouse seeks two categories of evidence in its expedited discovery request: (i) "the identities and locations of Defendant[s]," including "all known contact information" and associated email addresses (the "contact information"); and (ii) financial information and information on each Defendant's "operations and . . .

4

associated sales," including "a full accounting of [each] Defendant's sales and listing history related to their respective Online Marketplaces" (the "financial and sales information"). (Dkt. #2-1 at 5). Each is addressed in turn.

### i. Contact information.

The Court finds that four of the five good-cause factors weigh in favor of authorizing expedited discovery for Defendants' contact information. *See* (Dkt. #2 at 3–4). First, the sought after discovery is narrowly tailored to obtain information that will allow Better Mouse to locate and serve the Defendants. *See St. Louis Grp., Inc.*, 275 F.R.D. at 240. Second, without Defendants' contact information, Better Mouse asserts that it will be unable to effectuate service—hence, there is a central need for this information to advance the case. *See Arista Records LLC*, 551 F.Supp.2d at 6–7 (finding good cause for expedited discovery because "defendants must be identified before this suit can progress further" (citation modified)). Third, Better Mouse does not have an alternative means to obtain the anonymous Defendants' storefront information, except from Amazon.com. And finally, as for Defendants' expectations of privacy, the Court finds that Defendants' expectations are minimal, given that they have already shared the sought after contact information with Amazon.com. *See Guest v. Leis*, 255 F.3d 325, 335–36 (6th Cir. 2001) ("Individuals generally lose a reasonable expectation of privacy in their information once they reveal it to third parties.").

Therefore, although Better Mouse has not established a prima facie case against Defendants for the first factor of the good-cause analysis, *see Strike 3*

5

*Holdings, LLC*, 2025 WL 1483448, at *2, the Court concludes that Better Mouse has, given the circumstances, shown good cause for its expedited discovery request for Defendants' contact information.

### ii. Financial and sales information.

The Court finds that none of the good-cause factors weighs in favor of authorizing expedited discovery for Defendants' financial and sales information. Better Mouse provides almost no rationale for why it should be permitted to seek this specific information from Amazon.com. *See* (Dkt. #2 at 3–4). The only discernable reason provided is that Better Mouse believes expedited discovery of the financial and sales information is necessary because "Defendants are likely to not participate in this proceeding," (Dkt. #2 at 3). This is a speculative statement that does not establish good cause for early discovery. *See, e.g.*, *Roche Diagnostics Corp. v. Binson's Hosp. Supplies, Inc.*, No. 1:17-CV-949, 2017 WL 11573559, at *2 (S.D. Ind. May 11, 2017) (denying plaintiff's motion for expedited discovery because it provided no reason "aside from some speculation" for permitting expedited discovery). Therefore, the Court concludes that Better Mouse has not shown good cause for its expedited discovery request for Defendants' financial and sales information.

### B. Alternative Service

The Court, having determined that Better Mouse may seek expedited discovery for Defendants' contact information, next turns to Better Mouse's request for alternative service of process by email, pursuant to Rule 4(f)(3).

As a preliminary matter, alternative service under Rule 4(f)(3) is permissible only when such requested service is not prohibited by international agreement. The Supreme Court has held that the Hague Convention is mandatory when applicable at the place of service—i.e., "in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699, 108 S.Ct. 2104, 100 L.Ed.2d 722 (1988) (quoting 20 U.S.T. 361, T.I.A.S. 6638, Art. 1). However, the Hague Convention does not apply where the address of the foreign party to be served is unknown. 20 U.S.T. 361, T.I.A.S. 6638, Art. 1; *RPost Holdings, Inc. v. Kagan*, No. 2:11-CV-238, 2012 WL 194388, at *1 (E.D. Tex. Jan. 23, 2012).

Here, Better Mouse requests alternative service pursuant to Rule 4(f)(3) and asserts that it has been "unable to determine the exact physical whereabouts or identities of [the] Defendants." (Dkt. #2 at 9). Better Mouse does not, however, provide support for its conclusory assertion. Moreover, the cases relied upon by Better Mouse to justify its request do not support authorization of alternative service by email without Better Mouse first *showing* why alternative service is necessary. See *Naughtys LLC v. Does 1–580*, No. 4:21-CV-492, 2022 WL 816924, at *6 (N.D. Tex. Mar. 9, 2022) (permitting alternative service where "Plaintiff has shown that such efforts [to effect service via the Hague Convention] will most likely be unsuccessful and/or result in delays of twelve to twenty-four months"), *report and recommendation adopted*, 2022 WL 816480 (N.D. Tex. Mar. 17, 2022); *Sinox Co. v. YiFeng Mfg. Co.*, No. 6:21-CV-1022, 2022 WL 1017916, at *2 (W.D. Tex. Apr. 5, 2022) (permitting

7

alternative service because plaintiff had shown that it attempted service, unsuccessfully, through other, more traditional means first); *Viahart, LLC v. Does 1–54*, No. 6:18-CV-604 (E.D. Tex. June 17, 2020), (Dkt. #29 at 7) ("The record before the Court shows that Plaintiff made diligent efforts to obtain physical addresses for Defendants, but that attempted delivery of the complaint was unsuccessful because Defendants' addresses are unknown.").

A blanket assertion—without proof—that Better Mouse is unable to locate and serve the foreign defendants will not suffice to warrant authorizing alternative service of process under Rule 4(f)(3). Therefore, because Better Mouse has not shown that alternative service is necessary, the Court will deny Better Mouse's request for alternative service of process by email at this time. *See Buffer v. Grupo Radio Centro, S.A.B. de C.V.*, EP-10-CV-364, 2011 WL 13238336, at *2 (W.D. Tex. Mar. 3, 2011) ("[A] district court may require the parties to show that they have reasonably attempted to effectuate service on the defendant(s) and that the circumstances are such that the district court's intervention is necessary." (quoting *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 115 (S.D.N.Y. 2010))); *see also Compass Bank v. Katz*, 287 F.R.D. 392, 395 n.4 (S.D. Tex. 2012) (explaining that a plaintiff should not seek alternative service under Rule 4(f)(3) merely to "expedite the process and avoid additional costs of service" (citation omitted)).

## IV. Conclusion

For the foregoing reasons, it is **ORDERED** that Plaintiff Better Mouse Company, LLC's Ex Parte Motion for Alternative Service and Expedited Discovery, (Dkt. #2), is **GRANTED in part** and **DENIED in part**.

It is further **ORDERED** that Plaintiff may immediately commence discovery by providing actual notice, pursuant to subpoena or otherwise, of this Order to any of the following parties:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and any person acting in active concert or participation with them; and

2. Amazon.com, Inc.

The parties shall, within seven (7) business days after receipt of such notice, provide to Plaintiff expedited discovery, including copies of documents and records in such person's or entity's possession or control relating to the identities and locations of Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and any person acting in active concert or participation with them, including all known contact information and all associates email addresses.

**So ORDERED and SIGNED this 8th day of January, 2026.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

9