UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BETTER MOUSE COMPANY, LLC | § | |
| | § | |
| v. | § | CIVIL NO. 4:25-CV-1324-SDJ |
| | § | |
| THE PARTNERSHIPS AND | § | |
| UNINCORPORATED | § | |
| ASSOCIATIONS IDENTIFIED ON | § | |
| SCHEDULE "A", ET AL. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Plaintiff Better Mouse Company, LLC's Renewed Ex Parte Motion for Alternative Service. (Dkt. #8). Therein, Better Mouse Company, LLC asks the Court to authorize foreign service of process by email on Defendants JHVH TECH STORE, AULA Tech USA, and FIRSTBLOOD ONLY GAME. Having considered the motion and applicable law, the Court concludes that it should be granted.

### I. BACKGROUND

Previously, the Court denied Plaintiff Better Mouse Company, LLC's ("BMC") original motion for alternative service because BMC did not establish that alternative service was necessary under Federal Rule of Civil Procedure 4(f)(3). (Dkt. #3 at 7–8). BMC was, however, granted authorization to conduct expedited discovery for the Defendants' contact information at that time. (Dkt. #3 at 9). Since then, BMC acquired the foreign Defendants' email addresses and physical addresses from Amazon.com, Inc. and attempted to serve each by mail. *See* (Dkt. #8 at 2–3); (Dkt. #7). But, the postal service was only able to serve one of the four Defendants at its reported physical address—Defendant Inphic Electronics Co. Ltd. (Dkt. #7). For the

1

others, Defendants JHVH TECH STORE, AULA Tech USA, and FIRSTBLOOD ONLY GAME (together, the "Unserved Defendants"), service by mail was undeliverable. (Dkt. #8 at 3–4); (Dkt. #8-1 ¶¶ 5–9).

Based on the failed attempts at service, BMC now asserts that it has made diligent efforts to obtain Defendants' physical whereabouts, but that the true physical addresses of the Unserved Defendants remain unknown. (Dkt. #8 at 6–7). BMC thus asks the Court to authorize alternative service of process on the Unserved Defendants, using the email addresses provided by Amazon.com, Inc. (Dkt. #8 at 7).

## II. LEGAL STANDARD

Under Rule 4(f)(3), alternative service on a foreign defendant is "proper when it is a court ordered method that [(1)] is not prohibited by international agreement and [(2)] is reasonably calculated, under the circumstances, to notify the defendant of the case and afford them an opportunity to present objections." *Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161, at *3 (5th Cir. Feb. 14, 2022) (citing *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018); *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)).

## III. DISCUSSION

### A. Prohibited by International Agreement?

As an initial matter, the Court finds that alternative service on the foreign Defendants is not prohibited by international agreement. BMC filed suit against a collection of Defendants that all operated Amazon.com storefronts, and following

2

discovery, BMC obtained the physical address and email address for each from Amazon.com, Inc. (Dkt. #8 at 1–2). Using this information, BMC attempted service by mail on the Unserved Defendants' purported physical addresses in China. But these mailing attempts abroad were unsuccessful. *See* (Dkt. #8-4). In similar situations, courts have found that the physical addresses provided to a plaintiff by Amazon.com, Inc. have turned out to be "either incorrect or fake." *See, e.g.*, *Yiwu Langxun Elec. Com. Co. v. John Doe Corps.*, No. 25-11509, 2025 WL 3079977, at *2 (E.D. Mich. Nov. 4, 2025). Therefore, because the postal service was unable to contact the Unserved Defendants at their reported addresses, the Court agrees that the actual physical addresses of the Unserved Defendants remain unknown.

Consequently, since BMC has shown that it cannot find the Unserved Defendants' physical addresses, service under the Hague Convention is not required. *See RPost Holdings, Inc. v. Kagan*, No. 2:11-CV-238, 2012 WL 194388, at *1 (E.D. Tex. Jan. 23, 2012) (stating that the Hague Convention does not apply where the address of the foreign party is unknown). BMC's request for alternative service of process on the Unserved Defendants in China is thus proper for consideration. *See id.* (explaining that the Hague Convention is, as a default, "mandatory if available at the place of service" (quoting *Gramercy Ins. Co. v. Kavanagh*, No. 3:10-CV-1254-D, 2011 WL 1791241, at *1 (N.D. Tex. May 10, 2011))).

## B. Reasonably Calculated?

As for whether alternative service by email is "reasonably calculated" to "notify the defendant[s] of the case and afford them an opportunity to [respond]," *Viahart*,

3

2022 WL 445161, at *3, the Court finds that email service is appropriate here. The only other contact information provided by Amazon.com, Inc.—besides each Defendant's purported physical address—is each Defendant's email address. (Dkt. #8-2) (providing seller IDs, merchant names, email addresses, and physical addresses).[1] And, BMC asserts that email is the designated means of contact for communications between Amazon.com, Inc. and Amazon storefronts like Defendants. (Dkt. #8 at 5–6).

With similar information, courts have held that "email service [is] proper [when] Defendants structured their . . . business such that they could only be contacted by email." *Bright Sols. for Dyslexia, Inc. v. Lee*, No. 15-CV-1618-JSC, 2017 WL 10398818, at *7 (N.D. Cal. Dec. 20, 2017) (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017–18 (9th Cir. 2002)), *report and recommendation adopted*, 2018 WL 4927702 (N.D. Cal. Mar. 26, 2018). Accordingly, in this action, where BMC seeks to serve Amazon storefronts whose only means of communication are their email addresses—provided by Amazon.com, Inc.—and no additional contact information could be found after a diligent search, alternative service of process is warranted. Alternative service of process by email, under Rule 4(f)(3), will thus be permitted. *See, e.g.*, *Terrestrial Comms LLC v. NEC Corp.*, No. 6:19-CV-597-ADA, 2020 WL 3270832, at *3 (W.D. Tex. June 17, 2020) (permitting alternative service by email after service in compliance with the Hague Convention was attempted).

---

[1] BMC's counsel also declared that he was "further unable to determine the exact physical whereabouts or identities of Defendants" after a diligent search. (Dkt. #8-1).

## IV. CONCLUSION

It is therefore **ORDERED** that Plaintiff Better Mouse Company, LLC's Renewed Ex Parte Motion for Alternative Service, (Dkt. #8), is **GRANTED**.

It is further **ORDERED** that Plaintiff Better Mouse Company, LLC may effect service on foreign Defendants JHVH TECH STORE, AULA Tech USA, and FIRSTBLOOD ONLY GAME by email, using the email addresses provided by Amazon.com, Inc. *See* (Dkt. #8 at 2–3).

**So ORDERED and SIGNED this 14th day of April, 2026.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE